UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL F. ELY<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br><br>   Defendant. | 3:10-cv-0550-LRH-RAM<br><br>ORDER |

Before the court is defendant the United States Postal Service's ("USPS") motion to dismiss filed on November 4, 2010. Doc. #7.[1] Plaintiff Paul F. Ely ("Ely") filed an opposition (Doc. #15) to which USPS replied (Doc. #16).

**I. Facts and Background**

Ely allegedly sent a package containing roughly $3000.00 in gold through defendant USPS which was lost in transit. Ely purchased insurance for the package and demanded the value of the missing package per the insurance agreement. USPS refused and Ely subsequently filed a complaint in state court for breach of contract. Thereafter, USPS removed the action to federal court and filed the present motion to dismiss arguing that this court lacks jurisdiction over this action pursuant to the derivative jurisdiction doctrine. Doc. #7.

---

[1] Refers to the court's docketing number.

## II. Discussion

Under to the derivative jurisdiction doctrine, when an action is removed form state court by an agency of the United States pursuant to Section 1442(a)(1),[2] the jurisdiction of the district court upon removal is derivative of the state court's jurisdiction. *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). Thus, if the state court did not have independent jurisdiction over the action, a district court does not have jurisdiction over the action even if there would be an independent basis to exercise federal jurisdiction. *Id*. ("[B]e cause we conclude that the state court lacked jurisdiction to issue the subpoena, we must dismiss the case on that ground.").

Here, the state court lacked jurisdiction over Ely's complaint for breach of contract. A breach of contract claim against an agency of the United States may only be brought in the Court of Federal Claims, or a federal district court if the amount in controversy is less than $10,000. *Schulthess v. United States*, 694 F.2d 175, 177-78 (9th Cir. 1982) (holding that a district court has concurrent jurisdiction with the Court of Federal Claims for claims against an agency of the United States for less than $10,000). Therefore, USPS argues that the court should dismiss the present action for lack of jurisdiction pursuant to the derivative jurisdiction doctrine because the state court lacked jurisdiction over Ely's complaint. *See* Doc. #7.

Although USPS is correct that there is no derivative jurisdiction in this action, the court finds that dismissal would be a waste of judicial time and resources because this action is now before a court that can hear the merits of the complaint. *See Shulthess*, 694 F.2d at 178. Further, the court finds that dismissal of this action pursuant to the derivative jurisdiction doctrine would not have preclusive effect over Ely's ability to re-file his breach of contract claim in this court. Therefore, in light of the circumstances surrounding this matter, the court shall deny USPS's motion to dismiss.

---

[2] Section 1442(a)(1) of Title 28 of the United States Code provides that any civil action commenced in state court against an agency of the United States may be removed to federal court in the district where the action is pending. 28 U.S.C. § 1442(a)(1).

2

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #7) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3