UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| PAUL F. ELY | ) | |
| Plaintiff, | ) | 3:10-cv-0550-LRH-RAM |
| v. | ) | ORDER |
| UNITED STATES POSTAL SERVICE | ) | |
| Defendant. | ) | |

Before the court is defendant the United States Postal Service's ("USPS") motion for summary judgment. Doc. #23.[1] Plaintiff Paul F. Ely ("Ely") filed an opposition (Doc. #27) to which USPS replied (Doc. #28).

**I.  Facts and Background**

Ely sent a package containing roughly $3000.00 in gold through defendant USPS via regular First Class mail which was ultimately lost in transit. Ely had purchased insurance for the package and demanded the value of the gold bullion per the insurance agreement. USPS refused and Ely subsequently filed a complaint for breach of contract. Thereafter, the USPS filed the present motion for summary judgment. Doc. #23.

///

---

[1] Refers to the court's docketing number.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

### III. Discussion

In its motion for summary judgment, the USPS argues that Ely is not entitled to his requested damages of $3000 as a matter of law because he did not send his insured gold bullion through registered mail. *See* Doc. #23. The court has reviewed the documents and pleadings on file in this matter and agrees.

Pursuant to Section 4.1 of Part 609 of the Domestic Mail Manual ("DMM"), authorized under 39 U.S.C. §§ 401(2) and 401(10) and incorporated at 39 CFR § 111.2, the maximum indemnity by the USPS for gold bullion sent through the mail in any manner other than registered mail is $15.00. Here, Ely concedes that he sent his gold bullion through normal First Class, non-registered mail. Therefore, the court finds that his overall recovery is limited to $15.00 for his lost package. Accordingly, the court shall grant the USPS's motion, but enter judgment in favor of Ely against the USPS for the maximum indemnity amount of $15.00.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #23) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiff Paul F. Ely and against defendant the United States Postal Service in the amount of $15.00. Plaintiff is also awarded his compensable costs in this action.

IT IS SO ORDERED.

DATED this 27th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3